Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210115-136062
DATE: May 28, 2021

ORDER

Entitlement to service connection for diabetes mellitus II (DM II), to include as due to herbicide agent, is granted.

Entitlement to service connection for peripheral neuropathy of the right lower extremity, to include as secondary to DM II, is granted.

Entitlement to service connection for peripheral neuropathy of the left lower extremity, to include as secondary to DM II, is granted.

FINDINGS OF FACT

1. The Veteran's duties at Korat Royal Thai Air Force Base as likely as not placed him near the perimeter of the base, and herbicide exposure may be presumed.

2. The Veteran's currently diagnosed peripheral neuropathy of the right lower extremity is related to his service-connected DM II.

3. The Veteran's currently diagnosed peripheral neuropathy of the left lower extremity is related to his service-connected DM II.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for entitlement to service connection for DM II have been met. 38 U.S.C. §§ 1110, 1116, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

2. The criteria for service connection for peripheral neuropathy of the right lower extremity, to include as secondary to DM II, have been met. 38 U.S.C. §§ 1110, 1111, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

3. The criteria for service connection for peripheral neuropathy of the left lower extremity, to include as secondary to DM II, have been met. 38 U.S.C. §§ 1110, 1111, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1963 to October 1989. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In the January 2021 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran elected the Evidence Submission option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with the VA Form 10182 or within 90 days of receipt of the VA Form 10182. 38 C.F.R. § 20.303.

Under the AMA, the Board is bound by favorable findings by AOJ in the absence of evidence of clear and unmistakable error. 38 C.F.R. § 3.104(c). In this case, the AOJ found that the Veteran has diagnoses of DM II and bilateral lower extremity peripheral neuropathy.

Service connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be established for any disability which is proximately due to or the result of a service-connected disease or injury. See 38 C.F.R. § 3.310. To prevail on the issue of entitlement to secondary service connection, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

If a veteran was exposed to an herbicide agent during active military, naval, or air service, then certain diseases, such as type II diabetes mellitus, shall be service connected even though there is no record of such disease during service. For the purposes of this section, the term "herbicide agent" means a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307 (a)(6), 3.309(e), 3.313.

In addition to exposure within the Republic of Vietnam, exposure to Agent Orange has been noted to have occurred in various places, including Thailand. VA has determined that U.S. Air Force Veterans who served on Royal Thai Air Force Bases (RTAFBs) at U-Tapao, Ubon, Nakhon Phanom, Udorn, Takhli, Korat, and Don Muang, near the air base perimeter anytime between February 28, 1961 and May 7, 1975, may have been exposed to herbicides. Particularly, to benefit from the presumption of herbicide exposure at one of the above listed air bases, a veteran must have served as a security policeman, security patrol dog handler, member of a security police squadron, or otherwise served near the air base perimeter, as shown by military occupational specialty, performance evaluation, or other credible evidence. See M21-1MR, Part IV, Subpart ii, Chapter 2, Section C.10(q).

Service connection may be granted for disability shown after service, when all the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d).

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

1. Entitlement to service connection for DM II

The Veteran contends that his DM II is due to active service, to include exposure to herbicide agent while he was stationed at Korat Royal Thai Air Force Base. 

The Veteran has a current diagnosis of DM II. As such, element one under Shedden is met.

The Veteran's service treatment records do not document treatments, complaints, or diagnosis of DM II his endocrine system was evaluated as normal. The Veteran's service records he served at Korat Royal Thai Air Force Base during the Vietnam War era as a Fire Protection Specialist. The Veteran stated in a November 2018 lay statement that he was exposed to herbicides while performing ramp patrol and perimeter patrol. Also, as a firefighter the Veteran reported sometimes washing down the wheel wells of aircraft retuning from Vietnam.

The Board notes that the AOJ has not been able to verify whether the Veteran was exposed to an herbicide agent while he was serving in Thailand. However, the Veteran's Military Personnel Records notes that he served as a Fire Protection Specialist. The Veteran's personnel records confirmed his service in Thailand during the presumptive period. Additionally, in a lay statement, the Veteran stated that he periodically performed guard duty on the perimeter of the base. The Board finds the Veteran's accounting as to the type of duties he performed within the perimeter of Takhli Royal Thai Air Base to be competent lay evidence. See Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that a lay witness is competent to testify to that which the witness has actually observed and is within the realm of his personal knowledge). Upon review of the record, there is no evidence available that would refute the Veteran's recollections or cause the Board to question his credibility at this time.

Therefore, based on his credible assertion of serving along the perimeter of Korat Royal Thai Air Base, and resolving all reasonable doubt in the Veteran's favor, the Board finds that the Veteran is presumed to have been exposed to herbicide agents during active service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

As the Veteran is now presumed to have been exposed to herbicide agents in service, and DM II is a disease that has been shown to be associated with exposure to herbicide agents, it is presumed that this disorder was incurred in service even without evidence of that disease during service. 38 U.S.C. § 1116(a); 38 C.F.R. §§ 3.307(a)(6), 3.309(e). As such, service connection for DM II, due to herbicide exposure, is warranted.

2. Entitlement to service connection for peripheral neuropathy, bilateral lower extremities

The Veteran contends that his peripheral neuropathy of the bilateral lower extremities is secondary to his DM II.

In light of the Board's grant of service connection for DM II, the Board will now consider whether service connection is warranted for bilateral lower extremity neuropathy.

As noted above, the Veteran has been diagnosed with peripheral neuropathy of the extremities. As such, elements one under Wallin is met.

The Veteran is service connected for DM II. As such, element two under Wallin is met.

In January 2021, the Veteran submitted an Independent Medical Evaluation from a physician specializing in endocrinology. This private physician opined that it is at least as likely as not that the Veteran's peripheral neuropathy is secondary to his DM II. The physician opines that there is "vast medical literature that supports DM as a major cause of peripheral neuropathy" and cites several academic articles in support of this causal relationship. Hence, a nexus has been established between the diagnosed disability and a service-connected disability, and element three under Wallin is met. 

Accordingly, in light of the grant of service connection for DM II herein, the Board concludes that secondary service connection for diabetic peripheral neuropathy of the bilateral lower extremities is warranted. See 38 C.F.R. § 3.310.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board N. Keogh, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.